# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No.: 17-cv-80432-MIDDLEBROOKS

ADT LLC, and ADT US HOLDINGS, INC.,

      Plaintiffs,

v.

VIVINT, INC.,

      Defendant.

_____/



FILED by _____ D.C.

DEC 1 2 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – W.P.B.

## **ORDER ON PARTIES' DEPOSITION DESIGNATIONS**

THIS CAUSE comes before the Court upon Plaintiffs ADT LLC, and ADT US Holdings, Inc.'s (collectively "ADT") Notice of Filing ADT's Remaining Deposition Designations, filed on December 11, 2017.   (DE 208).   ADT submitted a Designation and Objection Table for Proposed Witnesses reflecting the Parties' deposition designations and corresponding objections. (DE 208-1).   Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Parties' objections are ruled on as set forth in the attached table.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this *12* day of December, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

No. 9:17-cv-80432-DMM/DLB

ADT LLC and ADT US HOLDINGS, INC.,

      Plaintiffs,

              v.

VIVINT, INC.,

      Defendant.

_____/

## ADT'S REMAINING DEPOSITION DESIGNATIONS REQUIRING RULINGS ON OBJECTIONS

1.  **Vivint 30(b)(6) Deposition (Nathan Wilcox) Regarding Late-Produced Documents, December 04, 2017**

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 7:8-22 | | | | | |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 8:3-9:18 | 9:19-20 | | R | This document (attached hereto as **Exhibit 2**) shows deceptive sales practices are expressly trained to Vivint sales personnel. (*Id.* at 5.)  On its face, the exhibit is a sales training manual, and it contains scripts for ADT "takeovers" which include misleading phrases which would lead potential customers to be confused as to an affiliation between Vivint and ADT.  Vivint further admits it was used to train at some of Vivint's sales force. It is for the jury to determine exactly what this document is and what credit to give to Vivint's testimony attempting to minimize the significance of the document. | Overruled |
| 11:6-10 | | | R | Same as above. | Overruled |
| 13:8-23 | 13:24-14:13 | **H-** Self-serving hearsay | R | Same as above. | ADT's Objection: Overruled<br><br>Vivint's Objection: Overruled |
| 14:14-15:19 | 15:20-24; 16:8-12 | **H-** Self-serving hearsay | R | Same as above. | ADT's Objection: Overruled<br><br>Vivint's Objection: Overruled |
| 17:20-18:13 | 18:14-16 | | R | Same as above. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 18:17-19: 3 | | | R | Same as above. In addition, this testimony is relevant to whether Vivint condones sales people using the type of phrases and representations in the referenced document, and whether Vivint agrees that such sales pitches are contrary to industry ethics standards for fair practices. | Overruled |
| 19:16-20:5 | 20:6-19 | | R, H | **R** - Same as above.<br><br>**Not Hearsay** – No out of court statement offered for the truth of the matter asserted. | Overruled |
| 20:20-21:13 | | | R, H | **R** - Same as above.<br><br>**Not Hearsay** - No out of court statement offered for the truth of the matter asserted. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 21:22-24:2 | 25:13-15; 25:25-26:5; 29:20-25*; 30:10-22 | **H** (25:25-26:5) Self-serving hearsay **S** (29:20-24). *Designation should end at line 24. 25:16-24 must also be played for context if the cross-designations are also played | R, H, S, FM (argumentative) | **R** - Same as above. **Not Hearsay** - No out of court statement offered for the truth of the matter asserted. **Not Speculation** – question does not ask for speculation; asks for an opinion as to whether certain phrasing is misleading as to an affiliation between Vivint and ADT, the central issue in this case. **FM** – not argumentative to ask whether phrasing used in the training manual may mislead consumers into believing Vivint and ADT are affiliated. | ADT's objection to hearsay: Sustained ADT's objection to speculation: Overruled ADT's request that 25:16–24 be designated: Sustained Vivint's Objections: Overruled |
| 32:4-35:23 | | R | | **R** - Same as above. Additionally, the referenced email suggests the training manual was distributed more widely than the deponent had testified. This questioning thus impeaches prior testimony that the training manual was only provided to a limited amount of employees. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 35:24-36:8 | | | R | **R** - Same as above. (Upon request by the Court, ADT can show the attachment to the email was in fact the same training manual previously discussed with ADT "takeover" script. The documents were produced by Vivint with sequential bates numbering, and the file name of the attached document corresponds to the filename of the attachment in the email) | Overruled |
| 36:22-37:3 | | | R | Relevant to how many Vivint sales persons would have been trained by the supposed author of the misleading ADT "takeover" sales pitch | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 38:6-39:6 | 40:3-15* | **H** – Self-serving hearsay. *Line 15 is the beginning of a new question. Appears designation should be 40:3-14. | R, F | **R** - Same as above. Additionally, the referenced email suggests the training manual was distributed more widely than the deponent had testified. This questioning thus impeaches prior testimony that the training manual was only provided to a limited amount of employees. The email and testimony also suggests there are other forms of this document, such as PowerPoint presentations incorporating the same content. **F** – the witnesses was designated as a 30(b)(6) representative to testify as to the content of this document. Foundation is established by Vivint designating this witness for testimony about this document. | ADT's Objection: Overruled Vivint's Objections: Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 44:3-17 | | | R, H, F | **R** – The referenced document (relevant portions attached hereto as **Exhibit 3**) and testimony are highly relevant as to Vivint's notice and knowledge of BBB complaints, as well as the rate of complaints in comparison to the number of consumers actually affected by misconduct. More specifically, it's an admission by Vivint that the scope of the problem is far bigger than the complaints received and supports the inference Vivint's conduct may be intentional since it does not adequately respond to a problem of this magnitude.<br><br>**H** – no out of court statement being offered for truth of matter asserted.<br><br>**F** – the witnesses was designated as a 30(b)(6) representative to testify as to the content of this document. Foundation is established by Vivint designating this witness for testimony about this document. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 49:5-50:1 | | | R, H, F | **R** – testimony is relevant as to Vivint's receipt and classification of BBB complaints, and how Vivint responds. Vivint's classification of certain types of complaints is foundational for later testimony about the breadth of deceptive sales conduct in comparison to the number of complaints actually received.<br><br>**H** – no out of court statement being offered for truth of matter asserted.<br><br>**F** – the witnesses was designated as a 30(b)(6) representative to testify as to the content of this document. Foundation is established by Vivint designating this witness for testimony about this document. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 50:13-:25 | | | R | **R** – testimony is relevant as to Vivint's receipt and classification of BBB complaints, and how Vivint responds. Vivint's classification of certain types of complaints is foundational for later testimony about the breadth of deceptive sales conduct in comparison to the number of complaints actually received. | Overruled |
| 51:1-53:10 | | | R, H, F | Same responses as above with respect to 49:5-50:1 | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 57:25-58:9 | | | R, S, FM (hypothetical, argumentative) | **R** – Whether Vivint's top offenders for deceptive conduct were terminated for their conduct is directly relevant to whether Vivint sanctioned the activity.<br><br>**S/FM** – the witness is not speculating. He is Vivint's Chief Compliance Officer, whose job responsibilities entail tracking deceptive conduct by Vivint's sales force and taking actions to discipline them. Additionally, the witness was designated to testify as to the content of this document, which was provided in advance of the deposition to allow the witnesses to prepare for questions about the document. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 58:10-70:9 | | | R, H, F, S, FM (misstates testimony), Fed.R.Ev id. 403. | **R –** This document and testimony are highly relevant to the scope and breadth of Vivint's deceptive sales conduct and ADT's damages. For purposes of analyzing the scope of actual misconduct, Vivint credits marketplace data suggesting as few as 1 in 20 people affected by sales misrepresentations actually take the time to complain to the company headquarters. This supports that the number of reported complaints about Vivint's deceptive sales is actually under-representative of actual misconduct occurring in the marketplace.<br><br>**H** – no out of court statement offered for truth of matter asserted.<br><br>**F/S/FM** – Vivint produced this document after the close of discovery and designated this witness to testify about the content encompassed by it. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 73:7-77:4 | | | R, H, F, S, FM (misstates testimony), Fed.R.Evid. 403. | **H** – Statement by party opponent.<br><br>**R** – Document and testimony cover Vivint's growth strategy for the next several years. This is highly relevant to ADT's claims because it suggests Vivint had an aggressive growth goal and thus had reason to condone and/or teach aggressive and potentially misleading sales tactics. Objection goes to weight, and that is for the jury to decide.<br><br>**F/S/FM** – Vivint produced this document after the discovery cutoff and designated this witness to testify as to the content of this document in response to ADT's 30(b)(6) notice. The witness is not speculating; is expected to be prepared to testify within the scope of the 30(b)(6) designation. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 78:22-79:4 | | | R, F, S Fed.R.Ev id. 403. | **R** – Relevant to ADT's damages. Testimony supports that it is impossible to prove with specificity the exact scope of Vivint's deceptive sales. Relevant to the jury's determination of what amount of Vivint's sales and profits are attributable to deceptive sales. The inability to prove the scope of damages with specificity falls on the wrongdoer (Vivint), not ADT. *E.g.*, *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 265 (1946) ("[T]his Court has sustained recovery of the full amount of defendant's profits where his own wrongful action has made it impossible for the plaintiff to show in what proportions he and the defendant have contributed to the profits."); *id.* at 264 (where nature of tort "precluded ascertainment of the amount of damages more precisely," jury "may make a just and reasonable estimate of the damage" based on "probable and inferential as well as upon direct and positive proof"). **F/S** – witness is corporate rep Vivint designated to testify on this subject; is not speculating. | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 85:6-12 | | | R, F, H 85:6-12 | **R** – Relevant as to ADT's FDUPTA claim and whether Vivint committed deceptive sales practices within Florida.<br><br>**F** – Vivint produced the referenced documents after the discovery cutoff suggesting deceptive sales occurred in Florida. In response to ADT's 30(b)(6) notice regarding such documents, Vivint designated this witness, and thus it was Vivint's obligation to prepare him to testify about them. In addition, the designee is Vivint's Chief Compliance Officer, whose job entails being knowledgeable about these topics.<br><br>**H** – No out of court statement offered for truth of matter asserted. | Overruled |
| 85:18-86:6 | | | R, H, F, S Fed.R.Ev id. 403. | **All objections** – same responses as above. | Sustained (hearsay) |

14

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 89:2-147:3 | | | R, H, F, S, FM (asked and answered, misstates testimony, calls for legal conclusion, argumentative, assumes facts, compound), Fed.R.Evid. 403, Fed.R.Evid. 106 | **R** – questioning focuses on Vivint's record keeping and knowledge of deceptive sales practices by sales force. Establishes both that DSPs were occurring, and that Vivint knew about them. Also goes to what actions Vivint took to remediate problems with its sales force, and whether Vivint's conduct was intentional.<br><br>**H** – Statement by party opponent (these are Vivint records). Otherwise, not offered for truth of matter asserted, but as foundation for questioning.<br><br>**F/S/FM** – Again, Vivint produced these documents after the discovery cutoff. To remedy ADT's prejudice in receiving these documents late, Vivint agreed to put forth this witness as a 30(b)(6) designee to testify as to a select few of the documents produced, which ADT provided to Vivint to prepare for the deposition. The witness is therefore not speculating. | Overruled |

## 2.  Diana Reader, August 7, 2017

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 5:21-6:8 | | | | | |
| 8:3 (beginning at "First") – 9:17 | | | | | |
| 11:9-15:17 | | | | | |
| 15:22-17:2 | | | | | |
| 17:15-19:23 | Pg: 17 Ln: 3-14 | | IR, F, FM (leading) 19:18-19:23 | **Proper refreshing of recollection.** Witness testified this his recollection was spotty (18:24-19:2) and that his recollection might be refreshed by listening to recordings (19:18-19:23) **Adequate foundation.** Witness has personal knowledge of the call he made to ADT/ **Not leading.** Laying foundation to refresh recollection. | Overruled.  The content of the call (22:20–23:14; 24:4–26:3) must be stricken. |
| 20:3-21:4 | | | | | |
| 21:12-24:8 | Pg: 21 Ln: 5-11 | | | | |
| 24:11-26:12 | | | | | |
| 26:20-28:8 | | | | | |
| 28:11-29:15 | | | FM (leading) 28:24-29:2 | **28:24-29:2 Not leading.** Witness testified at 28:11-22 that | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | she signed a paper stating that she was satisfied with the Vivint installation and later learned that this paper canceled her ADT contract. Asking if she personally sent that paper to ADT is not leading. | |
| 29:23-32:7 | | | | | |
| 32:18-35:8 | | | FM (leading) 35:7-15 | **Not leading.** | Overruled |
| 35:11-36:12 | | | | | |
| 37:21-39:9 | | | F, H 39:6-12 | **Adequate foundation.** Witness has personal knowledge of a document he prepared and sent to the Better business Bureau. **Not hearsay.** No out of court statement. | Overruled |
| 39:12-40:3 | | | | | |
| 40:12-40:15 | | | F, H 40:12-18 | **Adequate foundation.** Witness has personal knowledge of a document he prepared and sent to the Better business Bureau. **Not hearsay.** No out of court | Overruled |

17

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | statement. | |
| 40:18-42:23 | | | FM (leading) 42:21-23 | **Not leading.** Witness previously testified (42:10-42:15) that he would not have dealt with Vivint at all had he known that the Vivint representative was not with ADT.  Next question just repeats that testimony. | Overruled |
| 43:1-46:13 | Pg: 52 Ln: 3-9 Pg: 57 Ln: 1-24 Pg: 58 Ln: 14-19 Pg: 59 Ln: 4-8 Pg: 59 Ln: 17-19 Pg: 59 Ln: 23-Pg: 60 Ln: 4 Pg: 60 Ln: 5-Pg: 61 Ln: 1 Pg: 61 Ln: 17-Pg: 62 Ln: 16 Pg: 63 Ln: 25-Pg: 64 Ln: 3 | **57:1-57:24 58:14-58:19 59:4-59:8 59:17-59:19 59:23-61:1 61:17-62:16 63:25-64:3 Conditional objection.** ADT contends that all audio recordings are admissible.  If the Court grants Vivint's Motion in Limine [DE124] and excludes ADT's customer recordings, however, Vivint's customer recordings and related | | | Overruled. |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | testimony should be excluded as well.<br><br>**Incomplete Testimony.** Confusing unless 62:17-63:24 also designated. | | | |

### 3. Lucille Billingsley-Brown, August 28, 2017

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 6:12-7:11 | | | | | |
| 9:6-9:23 | | | | | |
| 10:8-10:23 | | | | | |
| 11:1-11:10 | | | | | |
| 11:16-12:22 | | | | | |
| 15:7-16:2 | | | FM (leading) | **Not leading. Did not preserve objection to form.** | Overruled |
| 16:21-18:4 | | | FM (leading), F | **Not leading. Did not preserve objections to form. Adequate foundation:** based on the witness's personal knowledge. | Overruled |
| 20:13-21:8 | | | | | |
| 21:13-22:11 | | | FM (leading) | **Not leading. Did not preserve objection to form.** | Overruled |
| 22:12-24:25 | | | FM (leading) | **Not leading. Did** | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | not preserve objections to form. | |
| 25:7-29:23 | | | H, IA | **25:7-27:4** **Not hearsay**. Statement by Vivint, a party-opponent.  Fed. R. Evid. 801(d)(2).  **27:5-25:16** **Not hearsay.**  Not offered for the truth of the matter asserted.  Offered to show damage to ADT's reputation ("So that's when I got real furious." 27:15-27:16).  **27:17-29:33** **Not hearsay.**  No out of court statement **"Inadmissible"** is not a recognized objection under the Fed. R. Evid. | Overruled |
| 31:4-32:14 | | | F | **Adequate foundation.** Witness has personal knowledge whether she recognizes her voice on a recording. | Overruled |
| 32:18-33:9 | | | H (motion to strike) | **Not hearsay.**  Not offered for the truth of the matter | Sustained. The parties must strike 32:18– |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | (i.e., "that ADT was switching over to them . . ." - a false statement).  In addition, customer recordings are not hearsay under Fed. R. Evid. 801(d) (statement by agent of party-opponent within scope of the relationship), and qualify for exceptions under Fed. R. Evid. 803(3) (then-existing state of mind); Fed. R. Evid. 803(6) (business record); and Fed. R. Evid. 807 (circumstantial guaranties of trustworthiness). In addition, Vivint is judicially estopped from objecting to the admissibility of these recordings. *See* ADT's Response to Vivint's Motion in Limine to Exclude Customer Recordings from Evidence at Trial [DE 131]. | 33:9 |
| 33:14-36:25 | | | H (motion to | **33:14-24** | Overruled as to |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | strike) | **Not hearsay.** Statement by a party-opponent. Fed. R. Evid. 801(d)(2).<br><br>**33:25-34:25** **Not hearsay.** Customer recordings qualify for exceptions under Fed. R. Evid. 803(3) (then-existing state of mind); Fed. R. Evid. 803(6) (business record); and Fed. R. Evid. 807 (circumstantial guaranties of trustworthiness). In addition, Vivint is judicially estopped from objecting to the admissibility of these recordings. *See* ADT's Response to Vivint's Motion in Limine to Exclude Customer Recordings from Evidence at Trial [DE 131].<br><br>**35:1-35:11** **Not hearsay.** No out of court statement. | 33:14-24.<br><br>Sustained as to 33:25-34:25<br><br>Overruled as to 35:1-35:11<br><br>Overruled as to 35:12-35:18<br><br>Sustained as to 35:19-36:25 |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | **35:12-35:18** **Not hearsay.** Not offered for the truth of the matter. Offered to establish when and how she realized she had been deceived by Vivint. | |
| | | | | **35:19-36:25** Customer recordings qualify for exceptions under Fed. R. Evid. 803(3) (then-existing state of mind); Fed. R. Evid. 803(6) (business record); and Fed. R. Evid. 807 (circumstantial guaranties of trustworthiness). In addition, Vivint is judicially estopped from objecting to the admissibility of these recordings. *See* ADT's Response to Vivint's Motion in Limine to Exclude Customer Recordings from Evidence at Trial [DE 131]. | |
| 37:11-37:14 | | | FM (asked and answered), F | **Not asked and answered.** | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | **Adequate foundation.** Witness has personal knowledge of whether she accurately relayed what the Vivint representative told her. | |
| 38:13-42:16 | | | H, IA | **38:13-38:20 Not hearsay.** Statement by ADT operator that she would transfer the witness's call to Vivint is not offered for the truth of the matter. Operative fact.<br><br>**38:21-41:6 Not hearsay.** Statements by Vivint are statements by a party-opponent. Fed. R. Evid. 801(d)(2).<br><br>**41:7-41:17 Not hearsay.** No out of court statement.<br><br>**41:16-41:21 Not hearsay.** Statements by Vivint are statements by a party-opponent. | Overruled as to 38:13-38:20<br><br>Overruled as to 38:21-41:6<br><br>Sustained as to 41:7-41:17<br><br>Overruled as to 41:16-41:21<br><br>Overruled as to 41:22-42:16 |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | Fed. R. Evid. 801(d)(2).<br><br>**41:22-42:16**<br>**Not hearsay.** No out of court statement. **"Inadmissible"** is not a recognized objection under the Fed. R. Evid. | |
| 42:17-46:13 | Pg: 48 Ln: 3-10<br>Pg: 55 Ln: 21-Pg: 56 Ln: 3<br>Pg: 70 Ln: 7-16<br>Pg: 74 Ln: 16-Pg: 75 Ln: 12<br>Pg: 80 Ln: 23-25<br>Pg: 82 Ln: 13-23<br>Pg: 84 Ln: 21-Pg: 85 Ln: 21<br>Pg: 87 Ln: 15-Pg: 89 Ln: 4<br>Pg: 89 Ln: 16-24 | **80:23-92:6**<br>**Conditional objection.** ADT contends that all audio recordings are admissible. If the Court grants Vivint's Motion in Limine [DE124] and excludes ADT's customer recordings, however, Vivint's customer recordings and related testimony should be excluded as well. | H, IA, F, FM (asked and answered) | **42:17-45:1**<br>**Not hearsay.** Statements by Vivint operator are statements by a party-opponent. Fed. R. Evid. 801(d)(2). In addition, qualifies for exceptions under Fed. R. Evid. 803(3) (then-existing state of mind); Fed. R. Evid. 803(6) (business record); and Fed. R. Evid. 807 (circumstantial guaranties of trustworthiness). In addition, Vivint is judicially estopped from objecting to the admissibility of these recordings. *See* ADT's Response to Vivint's Motion | Vivint's Objection as to 42:17-45:1: Sustained<br><br>Remainder of Vivint's objections: Overruled<br><br>ADT's Objection: Overruled |

25

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | in Limine to Exclude Customer Recordings from Evidence at Trial [DE 131]. **45:2-46:13 Not hearsay.** No out of court statement. **"Inadmissible"** is not a recognized objection under the Fed. R. Evid. **Adequate foundation.** Witness has personal knowledge of her interactions with ADT and Vivint. **Not previously asked and answered.** | |
| | Pg: 90 Ln: 5-19 Pg: 90 Ln: 23-Pg: 91 Ln: 5 Pg: 91 Ln: 13-Pg: 92 Ln: 6 Pg: 92 Ln: 13-Pg: 93 Ln: 6 Pg: 93 Ln: 17-Pg: 95 Ln: 17 Pg: 95 Ln: 18-Pg: 97 Ln: 9 Pg: 101 Ln: | **110:2-110:6. Leading 110:8-110:13. Leading; Foundation** **Incomplete Testimony.** Confusing unless the following testimony also is designated: 97:10-97:16 98:16-99:4 117:25-118:7. | | | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | 2-Pg: 104 Ln: 17<br>Pg: 105 Ln: 2-5<br>Pg: 109 Ln: 15-Pg: 110 Ln: 12<br>Pg: 111 Ln: 16-Pg: 112 Ln: 18 | | | | |

### 4.  Sammy Pugh, August 3, 2017

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 4:4-7:4 | | | | | |
| 7:18-13:14 | | | S 9:20-25 FM (argumentative) 12:21 | 9:20-25. Not speculation. Witness has personal knowledge of what he would have done if Vivint had not deceived him.  In addition, not speculation or improper hypothetical for witness to testify she would have acted differently had she known the true facts and not been misled. Hypothetical questions posed to lay witnesses about what they would have done | Overruled |

27

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | had they known certain representations were false are proper under Fed. R. Evid. 602 (personal knowledge requirement) (see *U.S. v. Ranney*, 719 F.2d 1183, 1189 (1st Cir. 1983)) and, alternatively, Fed. R. Evid. 701 (lay opinion). *See U.S. v. Hill*, 643 F.3d 807, 840–42 (11th Cir. 2011); *U.S. v. Musselwhite*, 2017 WL 4217398, at *10 (11th Cir. Sept. 22, 2017). **12:21 Line reference is to Vivint's counsel's objection as to form. "Argumentative" objection does not make sense.** | |
| 14:1-15:18 | Pg: 13 Ln: 19-25 Pg: 16 Ln: 3-7 Pg: 16 Ln: 24- Pg: 17 Ln: 12 Pg: 17 Ln: 16-18 Pg: 21 Ln: 4-Pg: 22 Ln: 1 | **Pg: 13 Ln: 19-25 Relevance** | S 15:12-18 | **15:12-15:18 Not speculation.** Witness has personal knowledge of what he would have done if | ADT's objection as to 13:19–13:25: Sustained ADT's objection as to |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | Pg: 23 Ln: 11-18 | **Pg: 21 Ln: 4-Pg: 22 Ln: 1 Incomplete Testimony** unless 22:2-22:15 also designated. | | Vivint had not deceived him. In addition, not speculation or improper hypothetical for witness to testify she would have acted differently had she known the true facts and not been misled. Hypothetical questions posed to lay witnesses about what they would have done had they known certain representations were false are proper under Fed. R. Evid. 602 (personal knowledge requirement) (see *U.S. v. Ranney*, 719 F.2d 1183, 1189 (1st Cir. 1983)) and, alternatively, Fed. R. Evid. 701 (lay opinion). *See U.S. v. Hill*, 643 F.3d 807, 840–42 (11th Cir. 2011); *U.S. v. Musselwhite*, 2017 WL 4217398, at *10 (11th Cir. Sept. 22, 2017). | incomplete testimony: Overruled Vivint's Objection: Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 26:4-26:10 | | | | | |
| 28:2-29:1 | Pg: 29 Ln: 2-12 Pg: 30 Ln: 5-12 | | | | |

### 5.   James Teems, August 4, 2017

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| 5:7-5:16 | | | | | |
| 7:15-8:24 | | | | | |
| 9:1-9:16 | Pg: 8 Ln: 25 | | | | |
| 10:21-11:5 | | | IC | **Not incomplete testimony.** | Overruled |
| 12:5-15:13 | | | FM (argumentative) 14:23-15:1 S 15:8:-13 | **14:23-15:1 Not argumentative.**<br><br>**15:8-15:13 Not speculation.** Witness has personal knowledge of what he would have done if Vivint had not deceived him.  In addition, not speculation or improper hypothetical for witness to testify she would have acted differently had she known the true facts and not been misled. Hypothetical questions posed to lay witnesses about what they | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | would have done had they known certain representations were false are proper under Fed. R. Evid. 602 (personal knowledge requirement) (see *U.S. v. Ranney*, 719 F.2d 1183, 1189 (1st Cir. 1983)) and, alternatively, Fed. R. Evid. 701 (lay opinion). *See U.S. v. Hill*, 643 F.3d 807, 840–42 (11th Cir. 2011); *U.S. v. Musselwhite*, 2017 WL 4217398, at *10 (11th Cir. Sept. 22, 2017). | |
| 15:25-24:24 | | | H 17:3-18:15 FM (argumentative) 20:23-21:2 H 22:18-24 | **17:3-18:15 Not hearsay.** Not offered for the truth of the matter (i.e., that the Vivint representative really did call ADT and ADT really did say that the Vivint representative was there to upgrade the ADT system) but to show Vivint's | Overruled as to 17:3-18:15 Sustained as to 20:23-21:2 Overruled as to 22:18-22:24 |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | deception.<br><br>**20:23-21:2 Not argumentative.**<br><br>**22:18-22:24 Not hearsay.** Not offered for the truth of the matter but to show that witness realized he had been deceived by Vivint and to demonstrate its deception. | |
| 26:1-27:15 | | | | | |
| 36:20-37:15 | | | IC | **Not incomplete testimony.** | Overruled |
| 39:24-40:19 | | | | | |
| 41:12-41:24 | | | | | |
| 42:1-44:7 | | | | | |
| 46:14-47:4 | | | F 46:17-21 | **Adequate foundation.** Witness testified based on his refreshed recollection. | Overruled |
| 47:19-47:22 | | | F, H 47:19-22 | **Foundation objection is baseless.** The objection relates only to a question. | Overruled |
| 48:6-49:14 | | | F, H | **Adequate foundation.** Witness authenticated the audio recording. [49:22-24]. | Sustained (hearsay) |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | | | | **Not hearsay.** Customer recordings qualify for exceptions under Fed. R. Evid. 803(3) (then-existing state of mind); Fed. R. Evid. 803(6) (business record); and Fed. R. Evid. 807 (circumstantial guaranties of trustworthiness). In addition, Vivint is judicially estopped from objecting to the admissibility of these recordings. *See* ADT's Response to Vivint's Motion in Limine to Exclude Customer Recordings from Evidence at Trial [DE 131]. | |
| 49:22-50:13 | Pg: 60 Ln: 15- Pg: 61 Ln: 5 Pg: 61 Ln: 5-9 | | F, H | **Adequate foundation.** Witness testified based on his personal knowledge. **Not hearsay.** No out of court statement. | Overruled |
| | Pg: 61 Ln: 10-18 | | | | Overruled |

| ADT Designations | Vivint Cross Designations | ADT Objections to Cross Designations | Vivint Objections to ADT Designations | ADT Responses to Vivint Objections | Court Ruling |
|---|---|---|---|---|---|
| | Pg: 69 Ln: 5-23 Pg: 70 Ln: 18-24 Pg: 71 Ln: 12-24 Pg: 72 Ln: 6-17 Pg: 73 Ln: 23-Pg: 75 Ln: 6 Pg: 75 Ln: 9-Pg: 76 Ln: 6 Pg: 77 Ln: 2-6 | **Pg: 69 Ln: 5-23 Pg: 70 Ln: 18-24 Pg: 71 Ln: 12-24 Pg: 72 Ln: 6-17 Pg: 73 Ln: 23-Pg: 76 Ln: 6**<br><br>**Conditional objection.** ADT contends that all audio recordings are admissible. If the Court grants Vivint's Motion in Limine [DE124] and excludes ADT's customer recordings, however, Vivint's customer recordings and related testimony should be excluded as well. | | | |